Okay, the next argued case is number 22 1447 being against McDonough, the Secretary of Veterans Affairs Miss Ajak. Thank you Thank you, your honor may it please the court My name is Jennifer's Ajak and I represent the veteran Wilfred D. Bean in his pursuit of VA disability benefits Based on service connection for generalized anxiety and major depressive disorder The Veterans Court had jurisdiction to address this issue and this court has the authority to review whether it had jurisdiction based on cook Mr. Bean is before the court today following a Veterans Court decision that ignored Cogburn Clemens and Travelstead and that 38 USC 7104 a requires the board to address all questions and unbound her Let me ask you one question to sort of get to the end here in your brief When you saw it mandamus you asked for an order Directing. Well, let me ask you. Is that the first time you represent? Mr. Bean when he appealed to the Veterans Court? Yes, sir Okay. All right You saw it mandamus and you said send it back for a decision on the unadjudicated claims, correct Yes, sir. But now I it looks to me like in your brief. You're asking us to You say the court should therefore reverse the Veterans Court's decision and order the VA to grant Mr. Bean his service-connected benefits. I don't think we have the authority to do that I think if we agree with you we could vacate the decision of the Veterans Court and Remand for further proceedings as appropriate, but I don't think we can We can grant the benefits order the VA to grant the benefits when you agree. That's beyond our jurisdiction You're and I think in certain cases this court has gone beyond just remanding for example in Cushman this court crafted a remedy that was applicable for it that particular case And in another case recently the this courts Remanded not just back to the Veterans Court, but then remanded with specific instructions for the board to remand to the regional office to address this Issue when this court is looking at its jurisdiction. So yes, I agree to address the issue but we you ask us to That we order the VA to grant mr. Bean his service-connected benefits we can't do that I Believe this the court has the authority to do so and under the broad language of that remand as appropriate and the remand would be to order the benefits to be granted because the regional office has already made all the factual findings that are necessary for The remand to excuse me for the grant to take place the regional office already found that mr Being had an anxiety diagnosis while in service the regional office has already found that he has the current diagnosis and the regional office has already found that there is a connection between The two that all of these steps have taken place the regional office just hasn't to put it all together to give him the grant They've never made this decision and since it has all taken place the idea to remand it back with instructions for it to re-adjudicate something that it In a different scenario has already adjudicated seems like a waste of everybody's time the the first presentation of the claim for current disability based on anxiety depression in your view was when 1997 your honor and suppose suppose We didn't think that that was right Let alone whether you know, we can think about whether it's right. What would be the next occasion when? that claim was made in 2007 your honor when mr. Bean comes back and requests that the Regional office reopened the claim for PTSD He also specifically makes a claim for anxiety and depression and the VA even acknowledges this in the letter that it sent to him That locally the VCA a letter it acknowledges that there is a separate claim for anxiety and depression But that regional office decision that granted him PTSD doesn't bother to ever address the separate issue. Would it? Be a benefit I mean in a colloquial sense to mr. Bean if he got Relief in the form that as of 2007 or 6 He had in fact a claim for anxiety depression caused disability and That has never been adjudicated or does any benefit to mr Bean depend on that claim having gone back to his 1997 filings your honor the benefits mr Bean if it was this court was to find that the claim was starting in 2006 2007 Would be a separate day a separate service connection and the radar could determine whether the Symptomatology that he is expressing with the depression and with the anxiety is separate from the already granted service connection for PTSD Which there's several medical opinions that say that these symptoms are separate And so he could be receiving service connection for both and that's under bogs that the idea is that these are not all just Service-connection for mental disability, but are specific diagnoses that are entitled to service connection so it could provide an incremental benefit Okay So mr. Bean's claim here is really quite simple after waiting for the decision since 1997 He wrote in 2012 to the secretary that he had unadjudicated pending claims just like this court recently stated he should do in May and The regional office did issue a decision in response to its filing but failed to address the specific Question that mr. Bean has raised. Why do I not have a decision yet on service connection for anxiety and depression? Okay, look can I just? So it seems to me that the Veterans Court here said in the reconsideration opinion We don't have jurisdiction to address Whether that the contention that mr. Bean had a Unadjudicated claim because the board didn't rule on that Assume that that's just incorrect as a matter of law because the Veterans Court Obviously, I think obviously has jurisdiction to address a claim That was made to the board that the board and the argument is the Veterans Court the board incorrectly declined to consider it then the question is Take take take as a just a premise for for this that at least that much is Wrong, and it needs to go back. What more? May be short of award. Mr. Bean benefits can or should we do short of awarding him the benefits outright the Other other ideal remedy would be to remand for the Veterans Court With orders to remand to the board to remand to the regional office to issue a decision on mr Beans claim for service connection for anxiety and depression And what's that? I didn't seem to me that the next Option to consider after saying the Veterans Court got it wrong and saying it didn't have jurisdiction That the veterans would be the Veterans Court has to say Well was this claim in front of the in front of the board, I'm not actually sure there's any dispute at all about that So perhaps the next would be to remand to the board for the board to consider the contention that mr Bean had an energy an adjudicated claim whether it's a 1997 claim or a 2007 claim for service connected disability benefits based on anxiety depression The board actually acknowledges that that claim was made and had the opportunity to Make that statement and just decided not to do so so if everybody is in agreement that There is the Veterans Court had jurisdiction to tell the board to go back and do what it was supposed to do Then that would be an alternative Remedy to say to the board you need to address this But there is case law that says if the board believes that there's a pending claim The correct remedy for the board is to actually remand it for the regional office to adjudicate it in the first instance Well, did you but that's that's an argument that you could make to the board, right? That it should remand. Yes Yes Well, what is the ultimate relief that's being requested is it to take the hundred percent rating back to 1997 no, your honor. It would be to take this 70% rating back to 1997 and from the standpoint of he receives the hundred percent rating based on total disability individual Unemployability and in 1990s, I'm sorry, you wouldn't touch the date for the hundred percent You just take the 70% back. Yes, your honor. That's requested. Yes At the point in time that mr. Bean makes this original claim. He was still working So the TDIU would not go back all the way Can I ask you this? So there was an April 2020 regional office rejection of a CUE Claim and in the course of that rejection the regional office said Mr. Bean did not in fact have an unadjudicated claim that Regional office decision of April 2020 is final because it's not it wasn't appealed Why does that not stand in the way that that it's the finality of that? regional office Determination. Why does that not stand in the way of any further? contention on your part that Mr. Bean did in fact have an unadjudicated claim couple responses your honor First would be by Raising the issue to the board before that regional office decision even came out. Mr Bean put the question of whether he has unadjudicated pending claims into appellate status And so the only way that that particular issue can become final is with a board decision The regional office can't assess that because the board hasn't made a decision on that particular part of the issue Second would be mr. Bean didn't raise this claim. This was a Construction of the regional office and so to attribute what the regional office did on its own without mr. Bean making that claim I'm sure what making what claim that? What the regional office considered to be a motion for revision on based on CUE for the pending? that the 97 Rating decision did not consider whether he had a pending claim That mr. Bean didn't raise this at no point and it legally doesn't actually Make sense because the 97 claim is the original claim and so there wouldn't ever be any clear and unmistakable air of a pending claim with the original claim and Finally that because the one necessary premise for clear and unmistakable error is a decision That was clearly an unmistakably erroneous and you're saying there just was never a decision exactly. I understand that, right? and then my final point would be that the Regional office's statement has to be read in the context of what the regional office was trying to decide which was a motion for clear and unmistakable air and so the Review of that is entirely different than what the regional office or the board would do when you're considering looking back at whether the issue has as Actually been pending and looking for moving forward there the regional office in that April 2020 decision overstepped its bounds by even making a decision or making any sort of statement regarding that because the issue was before the board and Therefore in appellate status and the regional office couldn't touch it You're saying so you're saying is a Jack basically in your view the April 4 2020 decision that you've been discussing with Judge Serrano is really not relevant Because the issue of a pending under judic claim Was already before the board or had been before the board in 2019 because Mr. Bean had gone back following the board's 2012 suggestion to the RO Had said citing the Q regulation. I Have an under judic claim. It was denied They got an SOC out of it and then he came back up so you're saying we don't need to think about the April 20 20 decision exactly your honor Thank You your honor may it please the court The court should either dismiss for lack of jurisdiction or affirm. We actually agree with Opposing counsel that the regional office has already made all of the relevant determinations that need to be made in this case They've actually decided five times Explicitly on the record that there was no pending unadjudicated claim related to depression or anxiety in 1997 let me step back a little bit to the timeline in I'm sorry, just to be clear, but the board has not know the board has as well Your honor the board decided that question in 2012 and that's at Appendix 335 where the board discusses the fact that mr Bean had been raising this issue that he had a pending unadjudicated claim and The board said the veteran has complained that in 1997. This is in 2012 this is the board decision that mr. Bean never appealed Okay, so this became final the only way to overturn this 2012 board decision is through some kind of a Q claim the board said the veteran has complained that in 1997 the RO failed to consider evidence that he was treated for nervousness and anxiety And then it goes on and discusses the fact that he's raising this issue that he has That he had anxiety and nervousness in 1997 and then it says that the veteran believes the RO made a mistake He can allege Q in the 1997 RO decision But before that in 2008 this is at Appendix 482 the regional office and its statement of the case also Considered and discussed. Mr. Bean's assertion that he had a pending unadjudicated claim and determined You've correctly quoted what the board said at 335, but then as I read it Basically the board's offering. Mr. Bean a suggestion Board saying if you think you have an unadjudicated claim go and raise a Q claim, right? Correct, your honor. Okay, so He then it seems to me does that in July of 2012 at Appendix 310 He goes back to the RO And he specifically cites the Q regulation 38 CFR 3.105 a and He says in that little paragraph there on the form 21-14 38. I Have an unadjudicated claim He loses on that Board says no you don't and I'm sorry the RO says no you don't and Explains points out that he doesn't have any unadjudicated claim and Then he goes back up to the board So the board now 2019 is sitting there with sort of mr. Bean coming back after following The board's suggestion that he go get the claim So it seems to me that the cube that the uneducated an adjudicated claim issue is before the board in 2019 Your honor. I take issue only with The way that you're reading Appendix 310, I think is what you were citing the language has 2141 38 submission. He what page please? I'm sorry, your honor appendix 310 So judge judge shawl is talking about the fact that he Went to the regional office after the board issued its decision in 2012 and said that he did not considered and rejected the notion that he had a pending unadjudicated claim and he attempts to Submit a Q claim. I think it's it's it's safe to say that this is sites You're right, but the language that he says when and and Q claims have to be specific He says I am requesting that the VA Reconsider the issue of the effective date assigned for my service-connected post-traumatic stress disorder Under the provisions of 38 CFR 3.105. So he yeah But then he says at the bottom he says as I previously stated, I believe the VA is clear to Address the unadjudicated claim and remember he's proceeding pro se at this point He's proceed. He's represented by a veterans organization, but he's not represented by an attorney at this point in time So and it seems to me that The board had before it This claim and then it seems to me that the board kind of misreads what was before it in his 2019 decision So, I mean the big issue with that observation your honor is that that that that's way beyond the jurisdiction of this court to consider because the the scope of a claim is a fact question our Jurisdiction here turns on what was before the board? It turns on that the board made a determination looking at his Submissions that he was raising a Q claim with respect to the earlier effective date for PTSD The Cases that they they talk about that the Ingram line of cases They all presuppose that there's a reasonable inference from the record like if the board is going to assume greater jurisdiction than the plain language of his submission where he's requesting He's asserting Q with respect to the effective date of PTSD The board would have to conclude that the record reasonably raised this other issue but the regional office in 2008 and then again in 2010 had specific and I want to be specific about their finding because they said There was no indication in 1997 and this is in 2008. This is a finding of the regional office of actual finding There's no indication that you were claiming service connection for any other disability and the examination So there was only one exam. I believe only one examination on the record in 1997 that the regional office was considering and the redraw And tell you what seems to me to be Unfortunate about this case Who in 1997 the claim is brought the RO holds you didn't make your case He doesn't appeal And 15 and 20 years later he brings the claim again and it's granted with progressively increasing levels of disability Essentially saying that yes, we must have made a mistake in 1997 maybe it wasn't our fault. You didn't bring in enough evidence, but it was the same Claim the same disability that was ultimately held to be Compensable. So what's before us is therefore Why shouldn't the compensation go back to when this claim was first brought to the attention of the VA? which Differentiates it from all of our cases which hold that. Yes, you're entitled to a Disability but only measuring from when you first bring the claim. You first brought the claim but lost and didn't appeal Now we have all sorts of Elaborate I would say Incomprehensible to the layman of when you can bring to when you can appeal this when you can appeal that things that I think even now not everyone practicing in this field has Deciphered but it's a fundamental policy question Here, is there not this claim was officially brought to the VA's attention Took them 20 years to say. Yes, we got it wrong 20 years ago and isn't the only question now as to What's to be done to compensate the veteran? Yeah, I would only take take issue with the one statement of fact that you just made the VA did not say we got it wrong in 1997 the VA has never said no one says we got it wrong. This came up with a different answer on Exactly the same disability. No, I'm only pointing that it's because it's very important, right? So this court the fundamental the the The big case on on finality was the ombud decision from this court in 2002 and cook be principate Does the VA's physician? depend on Whether he was able to prove they made a mistake in 1997 I think according to the record The record was not as fully developed. So it's hard to say that on the evidence presented It was wrong, but the element the disability is the same So in retrospect if he had if he has it now as is agreed He had to have had it then Your honor again, this goes back to the basic case law as well established with respect to clear and unmistakable error the VA looked at new medical evidence in 2006 and 7 when he reopened his claim that new medical evidence was not part of the record in 1997 this court looked at this question in 2002 and said you cannot establish failure to assist in developing a claim cannot constitute Q and and the reason is because of statutory interpretation the court looked at the fact that if Congress wanted to create another exception to finality It could have done so but it only provided two possible avenues for overturning in a decision that has not been appealed Q and to assert Q or to reopen the claim So he only unfortunately, mr Bean only has two options or during this process He only had two options under the law for overturning that decision that he did not appeal in 1997 and he pursued one of those options which was to reopen his claim But the problem is when you reopen the claim you cannot then Assign a compensation for the date preceding the date when you reopen the claim the only option he has for getting compensation between 1997 and 2006 and when he reopened his claim was through some sort of a Q claim With respect to that PTSD determination now, he's pursuing a third possible option here He's asserting as a matter of fact that in 1997 he also had another claim that was not adjudicated by the RO That's a fact question and the RO Specifically looked at that fact question way back in 2008 again in 2010 the board looked at that question in 2012 the RO looked at that question again in 2015 and then again in 2020 five times on the record the RO looked at that question and said no in 1997 you did not have a separate Unadjudicated claim for depression So I want to take the RO out of the picture of this at the moment and just ask has the board said you did not have a Unadjudicated claim based on anxiety depression in your 1997 claim I don't think it has said that the 335 Appendix 335 says you say that if you want to pursue that go this other route It doesn't say and you did not in fact have that the 2015 this is appendix a 49 Appeal to the board that resulted in the 2019 board decision is Extremely clear saying I have this unadjudicated claim the board in 2019 doesn't rule on it the Veterans Court on Reconsideration says we don't have jurisdiction because the board didn't rule on it That proposition that the Veterans Court doesn't have jurisdiction To hear a contention that the board failed to rule on something. That's incorrect as a matter of law, right? You think about the the Veterans Court decision that we are now reviewing? Yes So the the finding I think I read they're finding a little bit differently I don't think I disagree with you, but the Veterans Court simply made a fact determination That this the claim stream in the board's 2019 decision only dealt with the effective date of Post-traumatic stress disorder now, that's a fact determination. It sounds like you would disagree with But that's the fact determination. I'm sorry the appeal to the board at a 49 Expressly says I have this problem with the PTSD and I separately Have a Unadjudicated claim that contention was before the board the board didn't rule on it. It's not correct Is it as a matter of law for the Veterans Court to say that because the board didn't rule on it? It we don't have jurisdiction to consider whether it was incorrect that the board didn't rule on it Well, the Veterans Court is talking about the fact that it can only consider a claim that has been presented To the board, so it's also looking at the claim was presented to the board the Veterans Court as I read the 2019 decision it it misread. I think what was before it it talks about seeking reconsideration of a board decision There's all this discussion. You didn't I'm sorry in 2019 2019 decision you did it. It says mr. Bean you didn't properly seek Reconsideration of the board decision But he he wasn't seeking reconsideration the board. He had made it very clear. He was Seeking a determination from the board After he appealed from the RO to which the board had sent him by suggestion He's saying address my unadjudicated claim issue and it was squarely there Don't you agree? Mr. City that that the unadjudicated claim issue was before the board following up on your discussion with Judge Toronto I disagree your honor because the the claim that he made in 2012 after the board decision After the board suggested he make a Q claim He made a quick a Q claim and his and so that's where the law about The Q claim you look at the document it includes both the effective date and he also Addresses he says I have these unadjudicated claims Right. He does he talks about okay, that's point one point two Then the board denies that I'm sorry the RO denies it, right? Yes, your honor then he comes up to the board and he says The board the RO turned me down on the unadjudicated claims Here's my unadjudicated claim contention, right? Right and that's so so we agreed now The unadjudicated he has presented the unadjudicated claim contention to the board, right? he He's talking about it, but he's not he's appealing a Q claim. That was about the PTSD No, the Q claim in the document and judge Toronto walked us through it and I mentioned it earlier it clearly refers at the bottom to his unadjudicated claim I Think it's a little bit of a crabbed reading to say that the reference to the Q regulation in that document Only is talking about a better effective date. I mean remember I'm amazed This mr. Bean got as far as he did pro se for so long But he says he cites the Q regulation and he makes two statements one effective date and two unadjudicated claim He's filing a Q claim and asking for an earlier effective date for PTSD and in again in 2000 he's also filing a Q claim with respect to 2012 if you've got this None of the fact finders in this record have concluded that your honor the fact finding that was done at the board at the Veterans Court the board level was that his But you really was related to that, but you read the board's 2012 decision It says if you think you have an unadjudicated claim go back to the RL It says if you think there's something wrong with that If you think there's something wrong with 1997 you can file a Q claim. Yeah, it's debatable whether he could Do that because again, what are we talking about? We're talking about possible Error that the RO may said that statement though But I think they said that statement respectfully in response to his arguments about an unadjudicated claim I mean it in 2012 in his decision that he didn't appeal Where they rejected that argument? Yeah, they didn't he didn't appeal because he followed the board's suggestion and went back to the R. Oh, the board said if you think you've got an unadjudicated claim go back to the R. Oh, that's what he did and then the RO denied it and he came back up to the board and there he is in 2019 and The board just overlooks the fact that the unadjudicated claim That it told him to address Before the RO is now back up before it Like I can't come to any of the different reading. Well Again that's that's a factual determination that you're making about the extent Yeah, we have to look as Judge Toronto was saying we have to determine what was properly before the board In other words if there was something properly before the board The Veterans Court should have addressed it well as a matter of law that issue definitely was not properly before the board, okay, because the 2012 if that he needed to either ask for Reconsideration on the board's 2012 decision or appeal the board's 2012 decision or assert to He wasn't challenging the board's decision. He has to though as a matter of law told him to go back the poor the board says if The veteran believes that the RO made a mistake in its decision He can file on a claim alleging clear and unmistakable error in the 1997 RO decision It doesn't say go file a Q claim with respect to your anxiety or depression But in the context it says that I think there's no Unadjudicated claim, but I think in the I think in the context of the discussion It's hard to escape the conclusion that what they were talking about was the unadjudicated claim And we have to look at it in The context of the dialogue that have been going on Okay, your honor. I mean, that's that's I mean you potentially disagree with the VA fact-finders on how they've interpreted this decision of The board what if we conclude that the board erred in Concluding what it had before okay, that would be you would be stepping beyond your jurisdictional boundaries to make a fact determination about the Extent of the claim. I think if I Mean, that's that's our legal position. I think At most this could be remanded to the Veterans Court to reconsider that issue but The problem is that at the end of the day he's he doesn't have a lot of the ultimate fact determination that they're asking somebody to make about whether or not there's an unadjudicated pending claim in 1997 Has already been conclusively determined in Appeals that he and decisions that he didn't appeal. So I mean he would have to assert some kind of a queue claim with respect to the 2008 RO decision the 2010 decision or the board decision from 2012 Your Honors, I think you pretty much made my points for me in your questions and discussion with opposing counsel so if your honors have Any further questions, I'd be more than happy to answer them If not, I would concede the rest of my time. Can you say a word about our jurisdictional limits and whether? those limits Would make it improper Well, what what those limits would preclude us from Saying about what the paper record seems to reveal. I Think that there is no question of fact here. I think that in the 2019 May board decision it Specifically acknowledges that mr. Bean raised this issue and then it simply didn't address it So by acknowledging that it is part of what he says it says he argued that the board should have considered Whether she should have been service-connected for depression and anxiety That is an acknowledgement that that issue was before it and it just ignored it So I think this court is not going into Whether there it was a question of the scope of the claim Because the board has already told you what the scope of the claim was it just didn't address that So I think we don't even need to get into that part of this court's jurisdiction because it's just the question of law of Did the board and the Veterans Court properly consider its own jurisdiction? Isn't it the case that it appears that in the April? 28 2021 decision if I've got the date, right? that the remand that the Veterans Court the single-judge order remanding to the board Where the Veterans Court said in that order you should consider this claim So the Veterans Court at that point was taking the position that this claim was there, correct? Yes, your honor, but then the judge withdrew that order took it back and Eventually came out the way she did now, correct, correct. Yeah, I See that my time is up. Thank you very much for your time Concludes the court's arguments for this afternoon. Thanks to both counsel